The State v. Julien.

REVERSED.

<hr>

## THE STATE v. JULIEN.

1. **Criminal Law : SALE OF MORTGAGED PROPERTY.** Where a mortgage of personal property provided that if the mortgagor removed it from the county the mortgagee might take possession of and sell it, *held,* that a removal and sale of it in another State, under the circumstances stated, did not constitute an offense indictable in the county where the mortgage was executed.

*Appeal from Plymouth District Court.*

WEDNESDAY, JUNE 5.

THE indictment charges that the defendant, being the mortgagor of certain personal property, and the said mortgage being unpaid, did, at the county of Plymouth, wilfully and feloneously conceal, sell and dispose of said property without the consent of the mortgagee. The defendant, having been found guilty and sentenced, as provided by law, appeals.

*A. P. V. Day* and *I. S. Struble,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

SEEVERS, J.—It is provided by statute : "If any mortgagor of personal property, while his mortgage of it remains unsatisfied, wilfully destroy, conceal, sell, or in any manner dispose of the property covered by such mortgage without the consent of the then holder of such mortgage, he shall be deemed guilty of larceny, and be punished accordingly. Code, § 3895.

1. CRIMINAL law : sale of mortgaged property.

Under this statute and indictment the defendant must have wilfully concealed, sold, or in some manner disposed of the property in Plymouth county, without the consent of the mortgagee, before he could be convicted.

The property was in that county when mortgaged, and the mortgage provides "that in case of default made in the payment of the above mentioned promissory note, or in case of my attempting to dispose of, or remove from the county of Plymouth, the aforesaid goods and chattels, or any part thereof, or when the said mortgagee shall choose so to do, then, and in that case, it shall be lawful" for the mortgagee to take possession of the property and sell the same, and apply the proceeds to the payment of the indebtedness.

We do not understand that the defendant would be guilty if he openly, and in the usual and ordinary course of business, removed the property from Plymouth county. The mortgage does not prohibit such a removal, and in the absence of such a provision such a removal would not be a concealment or disposal of the property. What the effect of such a provision would be we do not determine. By the terms of the mortgage in question the only effect of a removal of the property from the county is to give the mortgagee the right to take possession, and sell the property before the debt becomes due.

The defendant was rightfully in possession, and he did not sell it in said county, but he did so in the State of Kansas, and there was sufficient evidence that he took it from Iowa to that State, and that he crossed the Missouri river at "Decatur, Nebraska, a place not much frequented, and but few knew there was a ferry at that place."

It is claimed this is sufficient evidence of concealment. This may be admitted, and yet it does not follow any crime was committed in Plymouth county.

We take judicial notice of the locations and boundaries of the several counties in the State, and know that no part of said county is bounded by or touches the Missouri river. If, therefore, the defendant could lawfully remove the property

from that county, the fact of the crossing the river at such place would have no tendency to show he concealed the property in said county.

It is true the property could not be legally sold, but the defendant cannot be convicted for a sale unless it was made in that county. An intent to sell, conceal, or dispose of, wherever formed, does not constitute a crime. It is difficult to see how a sale in Kansas can relate back so as to become a sale in Plymouth county in this State. Nor can a concealment at Decatur, Nebraska, or elsewhere, by relation, constitute and make a concealment in such county. Elasticity is an unknown quantity or quality in a criminal statute. *The State v. Lovell*, 23 Iowa, 304.

To conceal means to "hide, to cover up, to keep from sight;" and to dispose of property includes the foregoing, and to "sell, alienate," or to "put away." Now the evidence shows the defendant was engaged in threshing grain, and the property was used in connection with such occupation, in following which the defendant went from farm to farm as he could obtain employment. The mortgagee knew the defendant was so engaged, and he testified as follows: "I don't remember whether I gave him my consent to take the property out of the county. I don't know but I did give him my consent to take it to Sioux county, as he was threshing up there in that county. I think very likely I might have given my consent to go there, but nowhere else." This testimony makes it clear that the mortgagee consented that the property might be taken to Sioux county, and that it was taken to that county and there used in connection with defendant's business. If it was concealed or disposed of in that county the defendant should have been indicted and tried there.

There is no evidence tending to show where the defendant was when he started to Kansas. He may have been in either Sioux or Plymouth county. If the defendant started from either place and went to Kansas, and there sold the property without the consent of the mortgagee, we think this would

amount to a concealment or disposal of the property in such county, for while so removing the property he was "hiding or putting it away."

We have read the evidence with care, and we are unable to find any which tends to show that the defendant started from Plymouth county when he went to Kansas, or that he, in any manner, concealed or disposed of the property in that county.

REVERSED.