### Alex Bolton v. The State.

#### No. 2003. Decided June 6, 1900.

**1. Indictment—Variance in Name—Surplusage.**

If the name of a person be misnamed in an indictment, and the allegation in which the misnomer occurs be immaterial, so that it may be rejected as surplusage, it will not vitiate the indictment.

**2. Same—Hog-Theft.**

In an indictment for hog-theft, where the name of the owner has been properly alleged, the subsequent allegation, which substituted by mistake the name of the defendant in place of the said owner in connection with the deprivation of the owner of the value of the property, can be treated as surplusage, since the name of the owner was not necessary to be repeated in this particular allegation.

Appeal from the District Court of Morris. Tried below before Hon. J. M. Talbot.

Appeal from a conviction of hog-theft; penalty, two years imprisonment in the penitentiary.

The only question on the appeal was the validity of the indictment, the charging part of which is set out in the opinion.

No brief for either party found with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of hog-theft, and given two years in the penitentiary. Omitting formal portions, the indictment charges that: "Alex. Bolton did then and

there unlawfully and fraudulently take from and out of the possession of Oliver Spragland one hog, the same being the corporeal personal property of the said Oliver Spragland, without his consent, and with the intent to appropriate the same to the use and benefit of him, the said Alex. Bolton, and with the intent to deprive the owner, Alex. Bolton, of the value thereof, against the peace and dignity of the State." Motion in arrest of judgment is predicated upon the averment alleging the deprivation of the owner, "Alex. Bolton," of the value of the hog. It is contended this renders the indictment fatally defective. Discussing a similar question, this court said in Mayo v. State, 7 Texas Criminal Appeals, 342: "When the indictment contains matter unnecessary to a description of an offense, it may be rejected as surplusage; and, eliminating such surplusage, if the indictment so avers the elements of the offense as to apprise the defendant of the charge against him, and enable him to plead the judgment in bar of another prosecution, it is good in substance." A variance in the name in the indictment will not be fatal, if the name be immaterial to constitute the offense. In such case it may be urged as surplusage. If the name of a person be misnamed in an indictment, and the allegation in which the misnomer occurs be immaterial, so that it may be rejected as surplusage, it will not vitiate the indictment. Commonwealth v. Hunt, 4 Pick., 252; United States v. Howard, 3 Sumn., 12 Fed. Cas., No. 15,403. Now, applying these rules to this indictment, we discover the name of the owner was properly alleged, so there could be no mistake, except in the latter part of it, where the name Alex. Bolton is charged in connection with the deprivation of the owner of the value of the property. The name of the real owner, Spragland, was not necessary in this particular allegation. It would have been effective without it, and had it been placed there it could be rejected as surplusage, because the name of the owner had been sufficiently laid in preceding averments. So the mistake alleging the name of Alex. Bolton instead of Oliver Spragland can be treated as surplusage or clerical mistake, without changing the validity of the indictment, and this conviction can be pleaded in bar of another prosecution for this offense. So it is immaterial that the name Oliver Spragland, the real owner, did not appear instead of Alex. Bolton in the clause of the indictment mentioned. Ford v. State (Texas Crim. App.), 54 S. W. Rep., 761. This is the only question in the case. The judgment is affirmed.

*Affirmed.*