### 2178.　HAM v. THE STATE.

1. The evidence was insufficient to show that the defendant had violated the law.
2. In a prosecution for the fraudulent sale of mortgaged property, the place of sale fixes the venue.

Accusation of selling mortgaged property; from city court of Elberton—Judge Tutt.　September 4, 1909.

Argued October 25,—Decided November 9, 1909.

*C. P. Harris,* for plaintiff in error.

*S. L. Olive, solicitor,* contra.

POWELL, J.　1.　The defendant was charged with having mortgaged his cotton crop to Denny & Co., and with having sold ten bales of the cotton, with intent to defraud the mortgagee.　The testimony showed that he had turned over the cotton to his landlord in settlement of his claim for rent and supplies.　As to the proposition that this was not a criminal transaction, the decision in the case of *Cody* v. *State,* 69 *Ga.* 743, is strongly persuasive, if not controlling.　Even though the landlord may have applied the crops, in part, to debts which were inferior to the lien of the prosecutors, and although the landlord may be liable civilly to the prosecutors for a conversion of the property with knowledge of their lien, nevertheless, in the absence of something showing that the turning over of the crop to the landlord by the tenant was collusive or was fraudulently done, the transaction did not expose the defendant to criminal liability.　There is no doubt of the proposition that the landlord did have a valid superior lien for a considerable portion of the cotton, on account of his claim for rent and ad-

vances.   There is some suggestion that the defendant sold the cottonseed in such a manner as to make him liable to criminal prosecution.   Be that as it may, the defendant was not charged with any sale of the cottonseed.

2.   Further, the venue is not shown.   Under the *Cody* case, supra, the place of the sale fixes the venue, in prosecutions for the illegal sale of mortgaged property.   Evidence that the crops were grown in the county of the prosecution is not proof that the sale of transfer of them to the landlord took place in that county.   The place of sale may be shown inferentially or circumstantially, but it must be shown.                    *Judgment reversed.*