## W. E. WILSON v. STATE.

No. A-3098.   Opinion Filed Nov. 1, 1919.

(184 Pac. 603.)

**BIGAMY—Jurisdiction—Remarriage Within Six Months From Divorce.**
The penal provisions of section 4971, Revised Laws 1910, are directed solely against the remarriage of either party to a divorce proceeding to any other person within six months immediately subsequent to the rendition of the decree of divorce. **Held,** the jurisdiction of a prosecution under such statute is in the county where the second marriage takes place; and **held,** further, where one of the parties to such decree, within the prohibited period of six months, marries another person without the state, and subsequently returns and cohabits with such person in this state, the subsequent cohabitation not being of the gist of the offense defined by said statute, there is no jurisdiction to prosecute thereunder in this state..

*Appeal from District Court, Cotton County;*
*Cham Jones, Judge.*

W. E. Wilson was convicted of the crime of bigamy, and sentenced to serve a term of one year's imprisonment in the state penitentiary, and he appeals. Reversed and remanded.

*A. H. Japp* and *J. F. Thomas,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J.    This is an appeal from the district court of Cotton county, wherein the defendant was informed against and convicted of the crime of bigamy, and sentenced to serve a term of one year's imprisonment in the state penitentiary. From this judgment of conviction he has appealed to this court, and asks that the judgment be reversed on the ground that the court erred in overruling the demurrer to the information.

The information, omitting the caption, is as follows:

"I, Fren Hansen, county attorney of the county of Cotton and state of Oklahoma, duly authorized and empowered by law to inform of offenses committed and triable within said county and state, in the name and by the authority, of the state of Oklahoma come now here and give the court to understand and be informed that at and within said county and state and while W. E. Wilson and Barbara Wilson were legally wedded and were husband and wife, and after living together for several years in Cotton county, state of Oklahoma, and holding themselves out in said county as husband and wife, that in a certain civil action wherein the said Barbara Wilson was plaintiff and W. E. Wilson was defendant, then pending in the district court of said county and state, and whereof the said court had jurisdiction, a judgment and decree was rendered and

made and dated as of the 4th day of September, 1916, whereby the said Barbara Wilson was granted a divorce from the said W. E. Wilson, the above-named defendant, and that thereafter, to wit, on the 11th day of November, 1916, and within six months from and after the said rendition and making of said judgment and decree, the said W. E. Wilson and the said Barbara Wilson then being still living and said judgment and decree of divorcement so rendered, made, and dated as aforesaid not being absolute or in effect, knowingly, willfully, unlawfully, and feloni-ously married and entered into a marriage relationship with another woman than the said Barbara Wilson, namely Alphretta Hewett, a resident of Oklahoma, said marriage being entered into within the state of Texas, and that there-after, to wit, at all times from and after the 20th day of November, 1916, to the present time, he has knowingly, willfully, unlawfully, and feloniously lived and cohabited with the said Alphretta Hewett as his wife at and within the county of Cotton and state of Oklahoma, contrary to the form of the statute in such case made and provided."

The specific ground of demurrer was that the information did not state facts sufficient to constitute an offense against the laws of the state. The statute upon which this information is based (section 4971, Rev. Laws 1910) in part provides:

"It shall be unlawful in any event for either party in such divorce case to marry any other person within six months from the date of the decree of divorcement. * * * Any person marrying contrary to the provisions of this section shall be deemed guilty of bigamy, and such marriage shall be absolutely void."

Section 4972, Rev. Laws 1910, provides:

"Every person convicted of bigamy, as such offense is defined in the foregoing section, shall be punished by imprisonment in the penitentiary for a term of not less than one year nor more than three years."

It is the contention of counsel for the defendant that the above special statutory enactment is directed specifically against the remarriage of parties to divorce actions to any other person within the period of six months from the date of the decree of divorcement, and not against a subsequent cohabitation of the parties in this state; that, in the absence of some such specific provision in the statute to the contrary, the inhibition is against a remarriage within the jurisdiction of the state; that said statute cannot be given an extraterritorial effect. The state contends to the contrary.

This court is impelled to the conclusion that the contention of counsel for the defendant is correct. It is clear, from a reading of the foregoing statute, that it is directed solely against the remarriage of either party to the divorce proceeding to another person within six months immediately subsequent to the rendition of the decree. There is no specific provision in the statute against the marriage of either party to another person elsewhere than in the state, nor is there any provision against the marriage of either of the parties to another person outside of the state and the subsequent cohabitation of the parties in this state. Some states have enacted statutes defining it to be bigamy for a married person to marry any other person during the life of the former husband or wife, whether the second marriage shall take place in such state or elsewhere, and the party so marrying and returning to such state may be punished in any county where he shall be apprehended. Other states have made punishable the mere act of illegal cohabitation in such state with the second spouse the gist of the offense in either event being the second marriage and subsequent illegal cohabitation. 3 R. C. L. 796, sec. 1; *State v. Stewart,* 194 Mo. 345, 92 S. W. 878, 112 Am. St.

Rep. 529, 5 Ann. Cas.. 963, and cases cited in note thereto. Such statutes have been uniformly held to be valid and constitutional enactments.

But it is apparent that the statute before us contains no such provisions as are contained in the statutes of. Missouri, Tennessee, and other states. In the absence of such provisions, it has been uniformly held that the jurisdiction of the offense is in the state where the second marriage is solemnized. 3 R. C. L. 797, sec. 3, and cases cited under note 4; also cases cited in note 5 Ann. Cas. 968. In the case of *State v. Ray,* 151 N. C. 710, 66 S. E. 204, 134 Am. St. Rep. 1005, 19 Ann. Cas. 566, the Supreme Court of North Carolina held:

"The North Carolina statute (Revisal, 1905, sec. 3361) making it a crime for a person having a lawful husband or wife living to marry a second time, whether the second marriage is in 'North Carolina or elsewhere,' is unconstitutional in so far as it relates to second marriages outside the state."

A further provision contained in the statute before us, "such marriage shall be absolutely void," indicates the legislative intent to deal only with remarriages consummated within the state. Such a construction renders the statute clearly constitutional, and gives force and effect in this state to marriages consummated in other states valid under their laws.

Our statute is directed solely against the second marriage. The subsequent cohabitation in this state is no part of the offense. It is the opinion of this court that the statute can be given no extraterritorial effect, and that until the Legislature has seen fit to broaden its terms, as has been done in the states heretofore indicated, it cannot be held that the information in this case stated the offense

of bigamy as defined by said statute, and of which the defendant was convicted, when it is alleged therein that the remarriage took place in another state.

For the reasons stated, the judgment is reversed, and the cause remanded, with instructions that the prosecution be dismissed.

DOYLE, P. J., and ARMSTRONG, J., concur.