### J. W. JENNINGS v. STATE.

No. A-3631.   Opinion Filed Jan. 20, 1920.
(211 Pac. 89.)

Appeal from District Court, Alfalfa County; J. C. Robberts, Judge.

J. W. Jennings was convicted of bigamy, and he appeals. Reversed and remanded, with directions to dismiss.

Titus & Talbot, for plaintiff in error.

The Attorney General and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error, J. W. Jennings, was convicted of the crime of bigamy and sentenced to serve a term of two years imprisonment in the state penitentiary. The information charges:

"That the said J. W. Jennings on the 26th day of March, A. D. 1918, instituted in the district court of the county of Garfield, state of Oklahoma, which court then and there had jurisdiction in the premises, an action against Quintilla Jennings, who was then and there the lawful wife of the said J. W. Jennings, by which action the said J. W. Jennings then and there sought to procure a decree of divorce, dissolving and setting aside the bonds of matrimony then existing between the said J. W. Jennings and Quintilla Jennings, and did on the said 26th day of March, 1918, procure a decree of divorcement duly rendered in said action by said district court of Garfield county, Okla., so instituted as aforesaid by

said J. W. Jennings against Quintilla Jennings, which said decree was dated on the 26th day of March, 1918, by which said decree of divorcement the bonds of matrimony theretofore existing between said J. W. Jennings and Quintilla Jennings, was set aside and annulled, but it is expressly provided that said decree of divorce shall not become operative and take effect until six months from the date thereof; and that there-afterwards, to wit, on or about the 30th day of March, A. D. 1918, in the county of Jackson, and the state of Missouri, and within six months from the date of the decree of divorcement thereof, the said J. W. Jennings did then and there unlawful-ly, willfully, and feloniously marry and take to wife one Carrie Hinds, a person other than the said wife of J. W. Jennings, and to her, the said Carrie Hinds, a person other than the wife of J. W. Jennings, was married, within six months from the date of divorcement, as aforesaid, and that thereafterwards, to wit, on or about the 17th day of May, A. D. 1918, in the said county of Alfalfa and state of Oklahoma, the said J. W. Jennings and Carrie Hinds, a person other than his wife, and within six months from the date of divorcement, did cohabit and live together as man and wife; contrary to," etc.

Upon arraignment a demurrer to the information was in-terposed on the ground:

"That the facts stated do not constitute a public offense; that the information contains facts, which if true, would con-stitute a legal justification and excuse of the offense charg-ed."

The overruling of the demurrer is assigned as error.

The prosecution in this case was based on section 4971, Rev. Laws 1910, which provides in part, as follows:

"It shall be unlawful in any event for either party to such divorce suit to marry any other person within six months from the date of the decree of divorcement. * * * Any person marrying contrary to the provisions of this section shall be deemed guilty of bigamy, and such marriage shall be absolute-ly void."

The precise question here presented was passed on in the case of Wilson v. State, 16 Okla. Cr. 471, 184 Pac. 603, wherein it is held:

"The jurisdiction of a prosecution under such statutes is in the county where the second marriage takes place; and held, further, where one of the parties to such decree, within the prohibited period of six months, marries another person without the state, and subsequently returns and cohabits with such person in this state, the subsequent cohabitation not being of the gist of the offense defined by said statute, there is no jurisdiction to prosecute thereunder in this state."

For the reason stated in the opinion in the Wilson Case, the judgment is reversed, and the cause remanded, with direction that the prosecution be dismissed.