## ARTHUR OWEN v. STATE.

No. A-3715. Opinion Filed Jan. 24, 1923.
(211 Pac. 1059.)

(Syllabus.)

1. **Venue—False Pretenses—Crime Completed Where Money or Property Obtained.**—The crime of obtaining money or property by false pretense is completed where the money or property is obtained.

2. **Same—Court of County to Which Fund Was Removed not Invested with Jurisdiction.**—In this case the offense, if any there was, was committed and completed in Kansas. A subsequent removal of the fund, or a portion of it, to Harper county, Okla., would not invest the courts of that county with jurisdiction.

Appeal from District Court, Harper County; Arthur G. Sutton, Judge.

Arthur Owen was convicted of obtaining money under false pretenses and he appeals. Reversed.

W. A. Briggs, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. Arthur Owen, plaintiff in error, hereinafter designated the defendant, was on September 2, 1919, convicted of obtaining money from Lot Ravenscroft by false pretense, and his punishment was assessed at confinement in the county jail for a term of six months and to pay a fine of $1,000.

Lot Ravenscroft was the president of the Sitka State Bank at Sitka, Kan. Ravenscroft claims that in June, 1918, defendant came to him in his bank and represented to him that defendant was the owner of 400 head of cattle in Harper county, Okla., and that he was the owner of a ranch there, containing 960 acres, incumbered for $6,000. Defendant wanted to borrow $23,000 and offered to give any or all of the property named as security for the proposed loan. Relying upon the representations made by the defendant, Ravenscroft agreed to make the loan if the defendant would secure its payment by executing a note and a chattel mortgage covering the 400 head of cattle. Accordingly, a note and a chattel mortgage were so executed at Sitka, Kan., whereupon the defendant was given a deposit slip showing that the sum of $23,000 had been deposited in the Sitka State Bank of Sitka, Kan., to the credit of the defendant.

At this time defendant was indebted to a bank in Laverne, Harper county, Okla., in the sum of $18,000. The obligation to the Oklahoma bank was paid by draft drawn on the Sitka Bank, and the balance left to defendant's credit in the Sitka Bank was drawn by the defendant personally, from time to time, by means of checks and drafts drawn in Harper county, Okla.

It developed that defendant had not to exceed 150 head of cattle, and defendant claims that Ravenscroft was so informed at the time he made the loan to defendant; that the enumeration of 400 head of cattle in the mortgage was purposely so made and the real estate omitted in order that Ravenscroft might more easily rediscount the paper in Kansas City.

The Attorney General has confessed error on the ground that the venue as shown by the record was not in Harper county, Okla.

The general rule is that the crime of obtaining money or property by false pretense is completed where the money or property is obtained. 16 Corpus Juris, 190; 11 R. C. L. 854.

So soon as Ravenscroft parted with the money by placing it in the Sitka Bank, beyond his reach and control and under the control of the defendant, the offense was completed at the place where the money was so placed. State v. Smith, 162 Iowa, 336, 144 N. W. 32, 49 L. R. A. (N. S.) 834; Bates v. State, 124 Wis. 612, 103 N. W. 251, 4 Ann. Cas. 365.

In the case of Dechard v. State (Tex. Cr. App.) 57 S. W. 813, it was held:

"Defendant, charged with obtaining money under false pretense, wrote from Cherokee county to the person swindled, in Houston county, to send him $500. The latter notified a bank in Cherokee county that he would honor defendant's draft for that amount. Defendant drew a draft, with exchange, and when it was presented the bank placed the money to his credit. Held, that the offense was consummated in Cherokee county, and the venue was improperly laid in Houston county."

The facts and the authorities seem to support the confession of error made by the Attorney General. The offense, if any there was, was committed and completed in Kansas. A subsequent removal of the fund, or a portion of it, to Harper county, would not invest the courts of that county with jurisdiction. This conclusion makes it unnecessary to treat the other assignments of error.

The judgment of the trial court is reversed.

MATSON, P. J., and DOYLE, J., concur.