# A. C. BRAY v. STATE.

No. A-5595.   Opinion Filed June 30, 1926.
(247 Pac. 415.)

Young, Haste & Powell, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Pontotoc county on a charge of buying land in suit and sentenced to pay a fine of $400.

It appears from the record that on March 3, 1924, the defendant took a conveyance of certain land in Pontotoc county while the same was the subject of a suit in the district court of said county. It is undisputed that the deed of conveyance was executed and delivered in Oklahoma county and on the same day was recorded in Pontotoc county. The only contention that it is necessary to consider is that the county court of Pontotoc county did not have jurisdiction of the offense sought to be charged, for the reason that the offense, if committed, was com-

mitted in Oklahoma county. Section 20, art. 2, of the Constitution in part reads:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed. * * *"

The offense for which the defendant was prosecuted is defined by section 1678, Comp. St. 1921, as follows:

"Any person who takes any conveyance of any lands or tenements, or of any interest or estate therein, from any person not being in the possession thereof, while such lands or tenements are the subject of controversy, by suit in any court, knowing the pendency of such suit, and that the grantor was not in possession of such lands or tenements, is guilty of a misdemeanor."

From an inspection of this section of the statute, it is obvious that the taking of the conveyance under the conditions inhibited therein constitutes the offense. It is complete when the instrument of conveyance is executed and delivered. The subsequent placing on record of the conveyance is not made any part of the offense. So it follows that, when the deed of conveyance was executed and delivered in Oklahoma county, if the conditions forbidden by the statute then obtained, the offense was complete and the conveyance was in that county. The subsequent transmitting and recording of the instrument of conveyance in Pontotoc county did not give the court of that county jurisdiction of an offense committed in Oklahoma county. The Legislature has not attempted to confer jurisdiction for such an offense on the court of the county where the conveyance is recorded or where the land is situated, and under the section of the statute above quoted it is probably not in the power of the Legislature to invest such

county with jurisdiction. 8 R. C. L. p. 99, § 59; Walls v. State, 32 Ark. 565; Wilson v. State, 16 Okla. Cr. 471, 184 P. 603.

The case is reversed and remanded, with instructions to the lower court to dismiss.

BESSEY, P. J., and DOYLE, J., concur.