GERALDEAN QUINN v. STATE.

No. A-6795.    Opinion Filed June 25, 1929.

(278 Pac. 409.)

Gaylord R. Wilcox, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Creek county on a charge of bigamy and sentenced to serve a term of one year in the state penitentiary.

The information, in substance, alleges that the defendant married one William Quinn in the state of Kansas, and on or about the 5th day of July, 1926, did live and cohabit with said Quinn at Drumright, Creek county, Oklahoma; that said defendant at the time had a law-

ful husband living, to wit, one R. C. McClung, from whom defendant had procured a divorce on February 15, 1926; and that in so marrying and cohabiting with the said Quinn, defendant was guilty of the crime of bigamy. A decree of divorce is in evidence dated February 15, 1926, by which defendant was divorced from R. C. McClung, her then husband. The evidence further discloses that defendant married William Quinn in the state of Kansas July 5, 1926, and in the latter part of the month they were living together as husband and wife in Creek county.

No briefs in support of the appeal have been filed, but on account of the importance of the question involved we have made some independent research. The prosecution is under the provisions of section 510, Comp. Stat. 1921, as amended by chapter 119, of the Session Laws 1925. Section 510, as amended, reads as follows:

"Section 510. A party desiring to appeal from a judgment granting a divorce, must within ten days after such judgment is rendered file a written notice in the office of the clerk of the court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment. If notice be filed as aforesaid, the party filing the same may commence proceedings in error for the reversal or modification of such judgment at any time within four months from the date of the decree appealed from and not thereafter. And it shall be unlawful for any person who has a living husband or wife to marry another person in any other state within six (6) months from date of decree of divorcement granted in this state and cohabit with such second husband or wife in this state during said period. It shall be unlawful in any event for either party to such divorce suit to marry any other person within six months from the date of the decree of divorcement; and if notice be filed and proceedings in error be commenced as hereinbefore provided, then it shall be unlawful for either party to such cause to marry any

other person until the expiration of thirty days from the day on which final judgment shall be rendered pursuant to such appeal. Any person marrying or otherwise violating the provisions of this section shall be deemed guilty of bigamy."

Section 511 fixes the punishment for bigamy as defined in the above section.

Prior to this amendment, a person divorced in this state, who thereupon went outside the state and married another person and returned into the state and cohabited with such person, was not guilty of bigamy, since the subsequent cohabitation was not the gist of the offense as then defined. Wilson v. State, 16 Okla. Cr. 471, 184 Pac. 603. The amendment of section 510 was no doubt made to meet the condition that arose in the Wilson Case. Since our law has no extraterritorial effect and this state cannot punish one who marries outside this state within the inhibited period from the granting of the divorce, the amendment has in effect broadened the definition of bigamy or defined a new offense of bigamy. That is, it has made cohabitation within the state during the inhibited period after marriage in a foreign state bigamy. We know of no reason why the Legislature might not make this further or broader definition of the crime of bigamy. See Reeves v. State, 36 Okla. Cr. 186, 253 Pac. 510.

The record discloses that in the course of the trial defendant's counsel took the position that chapter 119 of the Session Laws 1925, is unconstitutional in so far as it defines and enlarges the definition of bigamy for the reason that the title to said act is not sufficiently broad, and that the act in this particular is in violation of article 5, § 57, of the state Constitution. This section is as follows:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length: Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

The title to the act reads: "An act amending section 510, of the C. O. S. 1921, relating to remarrying within six months from the date of decree of divorce, repealing all laws in conflict herewith."

It is well settled that it is not necessary for the title to an act of the Legislature to embrace an abstract of its contents. It is sufficient if the title contains a reasonable intimation of the matter under consideration. In re Powell, 6 Okla. Cr. 495, 120 Pac. 1022; Jackson v. State, 22 Okla. Cr. 338, 211 P. 1066. It has also frequently been said that a liberal construction should be applied to an act of the Legislature when its validity is questioned on constitutional grounds, and before it should be held to be invalid it should appear to be unconstitutional beyond a reasonable doubt; that to doubt its constitutionality is to uphold it. State v. Wheatley, 20 Okla. Cr. 28, 200 Pac. 1004; Jackson v. State, supra. See, also, State v. Tibbetts et al., 21 Okla. Cr. 169, 205 Pac. 776. In the case of Pottawatomie County et al. v. Alexander, 68 Okla. 126, 172 Pac. 436, it was held by the Supreme Court that an act to amend a particular section of the general law is limited in its scope to the subject-matter proposed to be amended. Such amendment ex vi termini implies merely

a change in its provisions upon the same subject to which the original section relates. This opinion quotes with approval the case of Dolese v. Pierce, 124 Ill. 140, 16 N. E. 218, to the same effect and follows the general rule. See, also, Ex parte Masters, 126 Okla. 80, 258 Pac. 861. The requirements of the rule announced are fully complied with in the title under consideration, since this title clearly discloses that chapter 119 is an amendment of section 510, Comp. Stat. 1921, and further states that the act relates to remarrying within six months from the date of the decree of divorce. Section 510 was section 4551 of the Statutes of 1893, and was section 4971 of the Revised Laws of 1910. It has all this time carried a provision that the remarrying of a divorced husband or wife within a period of six months from the date of the decree of divorce was bigamy. The title set out is sufficiently broad to cover the amendment enlarging the definition. of this special form of bigamy to include cohabitation after marriage in another state as was done. The act is not unconstitutional.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.