FANNIE WALTON ROBERTSON et al. v. STATE.

No. A-6968.  Opinion Filed March 15, 1930.
(288 Pac. 352.)

Lane & Hyde, for plaintiffs in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.  The plaintiff in error, hereinafter called defendants, were convicted in the district court of Cleveland county, and Fannie Walton Robertson was sentenced to serve a term of thirty days in the state penitentiary and R. C. Robertson was adjudged to pay a fine of $100.

The only question of any importance presented is the sufficiency of the information under which defendants were tried. It alleges, in substance, that on the date named the defendants Fannie Walton Robertson and John

Walton were legally married to each other and were husband and wife, and that on a date named they were by judgment of the district court of Cleveland county divorced, that thereafter on a date named the defendant Fannie Walton Robertson and R. C. Robertson were married in the state of Texas, and since said marriage they lived and cohabited as man and wife in Cleveland county, such marriage and cohabitation being within the period less than six months from said decree of divorce. A demurrer to the information was interposed and overruled.

Bigamy is defined by section 1862, Comp. Stat. 1921, as follows:

"Any person who having been married to another who remains living, marries any other person except in the cases specified in the next section is guilty of bigamy."

Section 510, Comp. Stat. 1921, in substance, provides that, in case of divorce, the marrying of either party to any other person within six months is bigamy. The provisions of the latter section were avoided by persons divorced in this state going into some other state within the six months and there marrying and returning to this state and living together as husband and wife. This contingency was not covered by the provisions of our law prior to the enactment of chapter 119, Session Laws 1925. Wilson v. State, 16 Okla. Cr. 471, 184 Pac. 603. In that case it was held in substance that, since the statute was directed solely against remarriage and not cohabitation, the jurisdiction was in the county where the second marriage took place, and where a marriage by a divorced person took place without the state during the period of inhibition and who subsequently returned and cohabited with the person married in this state, the subsequent cohabitation not being of the gist of the offense as defined by the statute, there was no jurisdiction to prosecute in

this state. This decision, no doubt, led to enactment of chapter 119, Session Laws 1925, which enlarges the definition of bigamy in section 1862, Comp. Stat. 1921, and by which act it was among other things provided:

"* * * And it shall be unlawful for any person who has a living husband or wife to marry another person in any other state within six (6) months from the date of decree of divorcement granted in this state and cohabit with such second husband or wife in this state during said period. * * * Any person marrying or otherwise violating the provisions of this section shall be deemed guilty of bigamy."

The demurrer in this case challenges the information for the reason that it does not allege that at the time of the alleged bigamous marriage the defendant, Fannie Walton Robertson, the divorced wife of John Walton, had a living husband. Under the provisions of the statute it is a part of the definition of bigamy that there shall be "a living husband or wife." 3 R. C. L. p. 805 §§ 16 and 17. In 7 C. J. p. 1168, § 34B, it is said:

"It must be stated positively that the first wife or husband was alive at the date of the second marriage * * *"—citing numerous authorities. among them: Niece v. Ter., 9 Okla. 535. 60 Pac. 300: Dunlap v. State, 126 Tenn. 415, 150 S. W. 86, 41 L. R. A. (N.S.) 1061, Ann. Cas. 1913E, 264. See, also, Quinn v. State, 43 Okla. Cr. 349, 278 Pac. 409.

For the reasons assigned, the information failed to state an offense.

The case is reversed and remanded.

DAVENPORT and CHAPPELL, JJ., concur.