Allen CHESHIER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12271.

Criminal Court of Appeals of Oklahoma.

April 4, 1956.

Hal Welch, Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Allen Cheshier, defendant below, was charged by information in the District Court of Choctaw County, Oklahoma, with the crime of disposing of mortgaged property, 21 O.S. 1951 § 1834 by selling a Chevrolet 2 Ton truck while said truck was mortgaged to one B. E. Pitts to secure a note in the sum of $900 without the consent of said mortgagee. A jury was waived and the case tried to the court. The trial court overruled the defendant's special plea to the jurisdiction of the court for lack of venue and demurrer to the evidence; found the defendant guilty, sentencing him to 6 months in the penitentiary.

The defendant urges several propositions but it will only be necessary for us to consider the question of lack of jurisdiction, for lack of venue, since it is decisive herein.

The evidence disclosed clearly that the truck in question though mortgaged in Choctaw County was removed by the defendant with permission of the mortgagee, B. E. Pitts, to California and sold in Bakersfield, California, to one Earl Louis. In this connection it is well to note that the information specifically charges that the defendant did sell the truck in question without alleging the venue of the sale. The question thus presented is whether proof of the sale of the mortgaged truck in California will support a prosecution in Choctaw County, Oklahoma.

The Attorney General at the time of oral argument stated that he was unable to support the conviction, judgment, and sentence, which we hold is tantamount to a confession of error.

Section 20 of Article 2, Oklahoma Constitution, O.S.1951, provides, among other things:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impar-

tial jury *of the county in which the crime shall have been committed * * *."* (Emphasis ours.) Burrus v. State, 54 Okl.Cr. 216, 17 P.2d 518. Thus the constitutional provision guarantees to the defendant the right to a trial in the county where the crime is committed. In 14 Am.Jur. 921, § 221, it is said:

"It is fundamental that jurisdiction in criminal matters rests solely in the courts of the state * * * in which the crime is committed and that the laws of each state * * * exclusively govern the nature of the offense."

14 C.J.S., Chattel Mortgages, § 282, Venue, p. 913:

"Venue is ordinarily laid in the jurisdiction where the criminal act took place. Accordingly, in the absence of statutes the place of sale or other disposition of the property has been held to determine the venue irrespective of where the mortgage was executed or where the property was brought from."

11 C.J. 646, § 384. In Kilpatrick v. State, 90 Okl.Cr. 276, 280, 213 P.2d 584, 586, this court said:

"The question of venue does not pertain to the guilt of an accused of the crime of which he stands charged. It is solely a question of the court's jurisdiction over the particular offense alleged in the information."

In Ex parte Lucas, 33 Okl.Cr. 407, 243 P. 990, this court said:

"Where a criminal act and its objects and purposes are fully completed in one county, the fact that an indirect injury flowing therefrom occurred in another county will not of itself invest the courts of the latter county with jurisdiction to try the offense."

In Owen v. State, 22 Okl.Cr. 419, 211 P. 1059, it was held, in substance, where the charge is obtaining property by false pretenses that the venue lies where the money or property was obtained from the defrauded person, regardless of where the false pretenses may have been made. In Kramer v. State, 97 Okl.Cr. 36, 257 P.2d 521, 525, involving an embezzlement charge arising by conversion of the proceeds of the sale of mortgaged property, we held:

"The charge was embezzlement and the venue of the prosecution would lie in the county and state where the embezzlement occurred. After the sale of the property was made in Texas, the mortgagor, under the statute, 46 O.S.1951 § 71, supra, became the trustee of the funds which he received for the benefit of the mortgagee. When he brought the money to Oklahoma City and used it for a purpose inconsistent with his trust and to pay other debts of the Kramer Motor Company or for other purposes, the offense, if any, was committed in Oklahoma County."

See also Bray v. State, 35 Okl.Cr. 37, 247 P. 415; Ham v. State, 7 Ga.App. 57, 66 S.E. 22.

■ By analogy, the foregoing cases are in point with the situation herein involved. In Robberson v. State, 3 Tex.App. 502, 506, it was said:

"This prosecution is not pretended to be based upon a removal of the property beyond the state, but can only be maintained on the clause making it penal to sell the property; which necessitates the inquiry as to whether, under this clause, the prosecution could be maintained in a county other than the one in which the selling took place.

* * * * * *

"We have already seen that, if the appellant is guilty of any offense charged in the indictment, it is for selling the mortgaged property. This being the offense made by the indictment and the evidence, we are of the opinion that proof of a sale of mortgaged property in Brazoria County would not support a conviction on a prosecution commenced and had in the county of Matagorda."

In light of these authorities and the foregoing cases from Oklahoma, in the analogous situation, it becomes apparent that an action for the sale of mortgaged property would have to be maintained in the county where the property was sold. In State v. Julien, 48 Iowa 445, it was held where mortgaged property was removed from the state and sold in another state, such act did not constitute an offense indictable in the county where the mortgage was executed. In the body of the opinion it was said:

"The defendant was rightfully in possession, and he did not sell it in said county, but he did so in the State of Kansas, and there was sufficient evidence that he took it from Iowa (where the mortgage was executed) to that State."

The opinion further held that though the property could not be legally sold, he could not be convicted for a sale thereof, unless the sale was made in the county where the criminal action was brought. Therein, as here, the State urged that by the doctrine of relation back, the action could be maintained in the county where the mortgage was executed. On this point, the Iowa court said:

"An intent to sell, conceal, or dispose of, wherever formed, does not constitute a crime. It is difficult to see how a sale in Kansas can relate back so as to become a sale in Plymouth county in this State. Nor can a concealment at Decatur, Nebraska, or elsewhere, by relation, constitute and make a concealment in such county. Elasticity is an unknown quantity or quality in a criminal statute."

22 O.S.1951 §§ 121–135 makes numerous provisions for prosecution of various crimes in the nature of a continuing offense in more than one county, such as kidnapping, stealing and receiving stolen property, etc., but none can be found providing for prosecution of an offense of this character committed in another state. It is therefore apparent that under the Constitution and Statutes of Oklahoma, the District Court of Choctaw County lacked jurisdiction to try the accused for the offense named in the information.

Reversed.

JONES, P. J., and POWELL, J., concur.