Campbell v. Board of Pharmacy of New Jersey.

## WILLIAM W. CAMPBELL v. BOARD OF PHARMACY OF NEW JERSEY.

1. The District Courts, in virtue of the act by which they are constituted, have jurisdiction of actions for penalties arising under the second section of " An act to regulate the practice of pharmacy." *Rev.,* p. 816.

2. The second section of the act above mentioned is not in contravention of article IV., section 7, paragraph 4, of the amended constitution, although it provides that the penalty incurred shall be sued for and recovered by the board of pharmacy "in the same manner provided by the statutes of this state for the recovery of penalties in other *qui tam* actions."

3. An act of the legislature creating a penalty which, in its enacting clause, defines the offence and prescribes the penalty, and is therefore a complete and perfect act of legislation in itself, is not unconstitu-

tional, though it may provide for actions, or the means of carrying its provisions into effect, by a reference to a course of procedure established by other acts of the legislature.

On *certiorari* to the District Court of Jersey City.

Argued at February Term, 1883, before Justices DEPUE, SCUDDER and REED.

For the plaintiff in *certiorari*, E. D. & W. B. Gillmore.

Contra, Theodore Ryerson.

The opinion of the court was delivered by

DEPUE, J. · The second section of "An act to regulate the practice of pharmacy" provides that "any person not being or having in his employ a registered pharmacist, who shall * *. * keep a pharmacy or store for retailing or compounding medicines, * * * shall, for each and every such offence, be liable to a penalty of $50, such penalty to be sued for and recovered by the board of pharmacy * * * in the same manner provided by the statutes of this state for the recovery of penalties in other *qui tam* actions." Rev., p. 816.

The plaintiff in *certiorari* was sued in the District Court of Jersey City for a penalty under this section, and judgment was recovered against him.

The reasons relied on for reversal are, that this section of the act is unconstitutional, and that the District Courts have not jurisdiction of actions of this sort.

It is insisted that this section contravenes that constitutional provision which declares that "no act shall be passed which shall provide that any existing law or any part thereof shall be made or deemed a part of the act, or which shall enact that any existing law or any part thereof shall be applicable except by inserting it in such act." Amend. Const., art. IV., § 7, ¶ 4.

The feature in this section which is supposed to be in viola-

tion of this interdict is, that in the last paragraph it is enacted that the penalty shall be sued for and recovered in the manner provided by the statutes of this state for the recovery of penalties in other *qui tam* actions.

An action for a penalty is a civil action, as much so as an action for money had and received. *Atcheson* v. *Everitt, Cowp.* 382; *Clark* v. *Collins,* 3 *Green* 473; *Brophy* v. *Perth Amboy,* 15 *Vroom* 217. By section 6 of the District Court act, jurisdiction is granted to District Courts over every suit of a civil nature at law, when the debt, balance or other matter in dispute does not exceed the sum or value of $200; and section 10 declares specifically that every suit for any sum of money or penalty not exceeding $200, to be sued for and recovered, by virtue of any law of this state, in any court of record, or in any court having cognizance thereof, shall be cognizable in the District Courts. *Rev., p.* 1302. The part of this section which is thought to bring it within the constitutional prohibition was not necessary to give the District Court jurisdiction of this suit. The section provides that any person doing the designated acts shall be liable to a penalty of a certain sum, to be sued for and recovered by the board of pharmacy. In these enacting words is contained everything that is necessary to an action by the board for the penalty specified. In a certain event, an obligation is created to pay to the board a certain sum of money; and whenever the penalty is incurred the board may sue for it, in an appropriate form of action, and in any court of competent jurisdiction, without any words expressly giving an action. Debt lies for the penalty of a by-law, though it be not said by what action it shall be recovered. *Com. Dig., tit.* "*Debt,*" *A* 8. Where a certain penalty is given by a statute, the person to whom it is given shall have debt for it by construction of law. *President, &c., of Physicians* v. *Salmon,* 1 *Ld. Raym.* 682. "Whenever an act of parliament creates a duty or obligation to pay money, an action will lie for its recovery unless the act contains some provision to the contrary." *Per Parke, B., Shepherd* v. *Hills,* 11 *Exch.* 55, 66; *Hopkins* v. *Mayor of Swansea,*

4 *M. & W.* 621, 641, 647. In this respect the enacting part of this section is complete, and is sufficient in itself to support the action. The residue of the section is severable, and if obnoxious to a constitutional provision, may be discarded without impairing the essential part of the statute. *Rader.* v. *Township of Union,* 10 *Vroom* 509.

But we think the construction of the constitutional provision contended for is unwarranted. The act does not provide expressly that any existing law or part thereof shall be deemed part of the act or be applicable to it. In legal effect, it simply provides that suits for penalties under the act shall be prosecuted as actions *qui tam* are prosecuted under the laws of this state. The enacting clause, which defines the offence and prescribes the penalty, is not in any way enlarged or qualified by the superadded words. The latter relate only to the practice and procedure by which suits for penalties incurred under the act are to be governed. If the act had provided that penalties should be recovered by action of debt or *assumpsit,* or by distress, all the statute law of this state relating to the specified form of procedure would, by the designation of the one or the other mode of procedure, have become applicable to suits for the penalties prescribed. Such we consider to be the legal effect of the concluding words of this section.

The constitution of New York, as amended in 1874, contains a similar provision expressed in almost the same language. The Supreme Court and Court of Appeals held that a provision in an act creating a municipal debt, that assessments for the payment thereof should be made upon property as prescribed by certain existing statutes referred to, but not set out at length, was not in contravention of the constitutional provision. *Hurlburt* v. *Banks,* 1 *Abb. N. Cas.* 157; *S. C. on appeal, People* v. *Banks,* 67 *N. Y.* 568. In delivering the judgment of the Court of Appeals, Allen, J., said: "It is not necessary, in order to avoid a conflict with this article of the constitution, to re enact general laws whenever it is necessary to resort to them to carry into effect a special statute.

Campbell v. Board of Pharmacy of New Jersey.

Such cases are not within the letter or spirit of the constitution or the mischief intended to be remedied. By such a reference the general statute is not incorporated into or made a part of the special statute. The right is given, the duty declared or burden imposed by the special statute, but the enforcement of the right or duty and the final imposition of the burden are directed to be in the form and by the procedure given by the other and general laws of the state. Reference is made to such laws, not to affect or qualify the substance of the legislation or vary the terms of the act, but merely for the formal execution of the law."

The constitutional provision in question, and that which forbids the revival or amendment of a law by reference to its title only, were designed for the suppression of deceptive and fraudulent legislation, the purpose and meaning of which could not be discovered either by the legislature or the public without an examination of and a comparison with other statutes. Neither of these provisions was designed to obstruct or embarrass legislation. Both were intended only as a means to secure a fair and intelligent exercise of the law-making power. *Evernham* v. *Hulit, ante p.* 53. An act of the legislature which is complete and perfect in itself—the purpose, meaning and full scope of which are apparent on its face—is valid, notwithstanding these constitutional provisions, although it may operate to amend a prior act by the repeal of the latter, *pro tanto*, by implication, or may provide for actions or the means of carrying its provisions into effect by a reference to a course of procedure established by other acts of the legislature. Any other construction would produce most embarrassing results. A cursory examination of the acts of the last session of the legislature discloses that at least ten of the most important acts contain provisions analogous to that objected to in this case. It is probable that each session of the legislature since the constitutional amendments took effect affords an equal number of examples of such legislation. Some of these acts creating penalties provide that suits for the penalties imposed shall be prosecuted by actions conducted

according to the provisions of the act constituting courts for the trial of small causes; others provide that assessments for new kinds of improvements authorized shall be imposed in compliance with the provisions of acts already in force, or that new taxes shall be levied and collected as prescribed by certain general laws for laying and assessing taxes, and the like. To impose, as a condition to the validity of such legislation, a requirement that all parts of the Small Cause act shall be re-enacted whenever a new penal action is authorized, or that all the laws in force for laying taxes or assessments, and regulating the lien and providing for the collection thereof, shall be reproduced in every act which provides for a new tax or a new public improvement, would unnecessarily embarrass legislation, introduce prolixity into our statutes, and sometimes defeat the most salutary legislation by reason of the failure to comprehend in it some one of the many existing laws that might be necessary to carry into execution a legislative scheme fully delineated and expressed in the body of the act.

We think that the section in question is neither within the letter nor the spirit of the constitutional provision invoked, and that the judgment should be affirmed.