## STATE v. ROY HORNER.

No. A-7761.   Opinion Filed July 5, 1930.
(290 Pac. 197.)

W. L. Coffey and E. E. Hanson, Asst. Co. Attys., for the State.

N. J. Hopping and Joe W. Simpson, for defendant in error.

EDWARDS, P. J.   This is an appeal by the state upon a reserved question of law.   An information was filed in the court of common pleas of Tulsa county charging defendant with a violation of the Motor Vehicle Law, chapter 16, Session Laws 1923, in which information it is alleged in substance that defendant operated a motor vehicle on the highways of Tulsa county in a reckless and imprudent manner, endangering pedestrains and property, etc.   Defendant interposed a demurrer which was sus-

tained. This appeal is from the order sustaining the demurrer.

The contention is that the act of 1923 is repealed by chapter 43, Session Laws 1929. Section 2, c. 16, Laws 1923, being that part of the act which defines an offense, is as follows:

"Sec. 2. Any person or persons operating or driving, or propelling any vehicle as set out and designated in section 1, of this act, upon said highways shall operate, drive or propel same in a careful and prudent manner, and at a rate of speed not greater than is reasonable under the existing circumstances, and having due regard to the traffic and use of the highway, and having due regard for the safety of pedestrians or property, and drivers or operators of other vehicles, whether such vehicles are propelled by muscular power, electricity, gas, gasoline or steam; no person or persons shall operate, propel or drive a motor vehicle as defined in section 1, of this act, on any highway at such rate of speed as to endanger the life or limb of any other person or persons, or the safety of any property, and it shall be unlawful to operate, propel or drive such motor vehicle as defined in section 1, of this act, upon any highway within the state of Oklahoma at a rate of speed in excess of 35 miles an hour; provided, further, no person or persons shall operate, propel or drive any motor vehicle as provided for in section 1, of this act, in any city, town or village or at the intersection of the street, alley, highway or in approaching any electric or steam railway crossing at grade, or in approaching or going around corners or curves in said street, alley or highway, where the operator, driver or propellor of said motor vehicle has not an unobstructed view of at least one hundred and 50 feet before the approach of such street, alley or highway, curve or corner, at a greater rate of speed than fifteen miles per hour; provided, further, that any person or persons violating any provision of section 2 of this act, shall be guilty of a misdemeanor for the first offense and shall be fined not less than $25, nor more than $100, or imprisonment in the county jail for not

less than ten nor more than 30 days, or by both such fine and imprisonment, and for the second offense shall be fined not less than $100, nor more than $1,000, or shall be imprisoned in the county jail for a period of time of not less than 30 days, nor more than six months, or by both such fine and imprisonment."

Chapter 43, Sess. Laws 1929, which it is contended repeals the foregoing act, is entitled:

"An Act amending section 2, chapter 16, Oklahoma Session Laws of 1923, relating to the maximum rate of speed a motor vehicle may be driven upon the highways in the state of Oklahoma, fixing the penalty for violation thereof, repealing all acts or parts of acts in conflict herewith, and declaring an emergency."

The act of 1929, omitting the emergency section, reads:

"Section 1. That section 2, chapter 16, Oklahoma Session Laws of 1923, be and the same is hereby amended to read as follows:

" 'Sec. 2. It shall be unlawful for any person, or persons, to operate, propel or drive a motor vehicle upon any public highway of the state of Oklahoma at a speed in excess of 45 miles an hour.

" 'Any person, or persons, violating any provisions of this act shall be guilty of a misdemeanor and shall be fined not less than $10 and not more than $100, or imprisoned in the county jail for not less than ten days, or more than thirty days, or by both such fine and imprisonment. Provided, it shall be unlawful for any arresting officer or for any judicial officer before whom the person arrested for violating the provisions of this act is tried, to participate in or receive any portion of the fine or fees collected on account of the conviction of any such person.'

"Repealing Clause:

"Sec. 2. All acts or parts of acts in conflict with the provisions of this act are hereby repealed."

It is admitted that if the act of 1923 is not repealed by the act of 1929, the information is valid and the rul-

ing of the court sustaining the demurrer erroneous, but if the act of 1929 repeals the act of 1923, then there is no statute defining the offense sought to be charged and the demurrer was properly sustained and the case should be affirmed.

Article 5, § 57, of the state Constitution, so far as pertinent here, provides:

"Every act of the legislature shall embrace but one subject, which shall be clearly expressed in its title * * * and no law shall be * * * amended * * * by reference to its title only; but so much thereof as is * * * amended * * * shall be re-enacted and published at length."

The foregoing constitutional provision is mandatory. Two provisions of the Constitution may be said to be involved here. First, that part of article 5, § 57, which provides that every act of the Legislature shall embrace but one subject which shall be clearly expressed in the title. Second, that a law shall not be amended by reference to its title only, but so much as is amended shall be re-enacted and published at length.

The effect of our constitutional provision that the subject of an act shall be expressed in the title is to make the title a part of the act so that any provision which lies outside the title will be rejected as unconstitutional. Black, Interpretation of Laws, c. 6, § 76, p. 175. So an amending act should indicate clearly in its title the act amended and should set out its purpose generally. 36 Cyc. 1029, 2, F, Notes. The amendatory act of 1929 conforms to this requirement. The title has four participial clauses, disclosing that the act is:

First, an act amending section 2, c. 16, etc.

Second, an act relating to the maximum rate of speed, etc.

Third, an act fixing the penalty for violation thereof.

Fourth, an act repealing, etc.

The title is unusually full; it might have been sufficient to describe the act merely as amending section 2, c. 16, Sess. Laws 1923; but it went farther and described the act as amending section 2, c. 16; further described it as relating to the maximum rate of speed and as fixing a penalty for violation and as repealing conflicting law.

Considering then the second constitutional provision applicable, that is, that an amendatory act shall be re-enacted and published at length, section 1 conforms to this requirement and provides that section 2, c. 16, of the Laws of 1923, is amended "to read as follows."

It is argued by the state that it could not have been the intent of the Legislature to repeal the wholesome provisions of section 2 of the act of 1923, but that the Legislature must have intended to amend it only as to the maximum speed a motor vehicle might travel on the highway, citing several authorities from the courts of this state. We appreciate fully the force of the argument and should like to sustain the position taken, but there is no reasonable construction other than that section 2 of the act of 1929, as set out therein, takes the place of section 2 of the act of 1923, and that all of section 2 of the 1923 act, which is not re-enacted and set out in the act of 1929, is repealed. State ex rel. West, etc., v. McCafferty, etc., 25 Okla. 2, 105 Pac. 992, L. R. A. 1915A, 639. This repeal includes the provision defining the offense upon which the prosecution in this case was instituted. It follows that the trial court did not err in sustaining the demurrer.

The case is affirmed.

DAVENPORT, J., concurs. CHAPPELL, J., absent, not participating.