## Ex parte AL COOPER.

No. A-8114.   Opinion Filed June 6, 1931.
(300 Pac. 322.)

Frank Petree and P. K. Morrill, for petitioner.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   This is an original proceeding in habeas corpus.   Petitioner alleges that he is unlawfully restrained by the sheriff of Jackson county.   That in October, 1930, petitioner was convicted in the district court of said county of a second offense violation of the prohibitory liquor laws and was sentenced to serve one year in the state penitentiary, and is confined in the county jail to await transportation to the penitentiary.

Petitioner alleges that he was convicted under the provisions of section 2, chap. 26 (House Bill No. 46), Session Laws 1913.   That said act is unconstitutional and void as not having been passed and approved as provided by section 57, art. 5, state Const. in this, that the act purports to amend sections 11 and 16, c. 70, Session Laws

1911. That said chapter 70, at the time of the amendatory act had been declared unconstitutional and void, and, being void, was not in existence and could not be amended, and the attempted amendment was new law and that part of it relating to second and subsequent violations of the prohibitory liquor law was not clearly expressed in the title.

Section 57, art. 5, state Const., provides that:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title. * * *"

Section 16, c. 70, Session Laws 1910-11, touching the matter of second convictions, and one of the sections amended by the act of 1913, reads:

"For the second conviction for the violation of any of the provisions of this act, the penalty shall be a fine of not less than five hundred dollars nor more than one thousand dollars, and by imprisonment for not less than six months nor more than 12 months. * * *"

The title of the act of 1913, and section 16, as amended, reads:

"An Act amending sections 11 and 16, of chapter 70 of the Session Laws of 1911; making it unlawful to sell certain liquors to a minor, person of unsound mind, or an habitual drunkard; making the keeping of a place for the purpose of violating the prohibition laws of this state unlawful; making it unlawful to act as agent for any wholesale liquor house, brewery or distillery or any other liquor house; making the keeping of more than a certain amount of liquor at place of business or residence prima facie evidence of an intention to violate the law; requiring the police judge of a city or justice of the peace of any town or village to certify convictions to county attorney; and declaring an emergency."

"Section 2. That section 16, chapter 70, of the Session Laws of 1911, of the state of Oklahoma, be and the same is hereby amended to read as follows:

"Section 16. For the second and all subsequent convictions for the violation of any of the provisions of this act, the penalty shall be a fine of not less than $50, nor more than $2,000, and by imprisonment of not less than 30 days in the county jail, nor more than 5 years in the state penitentiary. * * *"

In support of his contention petitioner cites several authorities, but none from the courts of this state.

The particular question presented appears not to have been directly passed on by this court. Section 57, art. 5, Const., has been several times considered by this court and by the Supreme Court. It is held that the title of an act must embrace but one subject which shall be clearly expressed in the title, but that such requirements are not to be exactingly enforced or in such a manner as to cripple legislation. Pottawatomie County et al. v. Alexander, 68 Okla. 126, 172 Pac. 436, 437; State ex rel. City of Durant v. Bonner, 86 Okla. 280, 208 Pac. 825; Dabney v. Hooker, 121 Okla. 193, 249 Pac. 381; Cornell v. McAlister, 121 Okla. 285, 249 Pac. 959; Ex parte Masters, 126 Okla. 80, 258 Pac. 861.

In the case of Pottawatomie County et al. v. Alexander, supra, it is said:

"It is held generally that, where the title of the amendatory act specifies the section or sections to be amended, the amendment must be germane to the subject-matter of the sections specified—" citing Lewis' Sutherland, Stat. Const. sec. 139, and several cases.

By analogy, therefore, it would appear that where the title to the act specifies the sections to be amended there is sufficient compliance with the provisions of sec-

tion 57, art. 5, if the subject-matter contained in the amendatory sections is germane to the subject-matter contained in the sections which are amended. So in this instance it is proper to refer to a section of an act as being amended if in the body of the act that section as amended is set out in full, and the section as amended is germane as to subject-matter with the section which it amended. An examination of section 2, c. 26, Session Laws 1913, shows that the subject-matter thereof is the same as the subject-matter of section 16, c. 70, Session Laws 1910-11. As to the contention that an act held to be unconstitutional or invalid cannot be amended, the authorities are divided. The weight appears to be that although held invalid, the statute may be thereafter amended. In the case of St. L. & S. F. R. Co. et al. v. Tolbert et al., 47 Okla. 228, 148 Pac. 128, the Supreme Court held:

"Assuming that Stat. Okla. 1893, § 4773 (Wilson's Rev. & Ann. St. 1903, § 5053), was in conflict with article 7, § 18, of the Constitution, at the time of the adoption of that instrument, and hence not brought over and put in force throughout the state by section 2 of the Schedule, and for that reason is void, act of April 21, 1913 (Laws 1913, c. 135), amending said section, is not void, assuming it purports to amend an invalid statute." Citing authorities.

For the reasons assigned the act of 1913 is not invalid as in violation of the Constitution on either of the grounds relied upon.

The writ is denied.

DAVENPORT, P. J., and CHAPPELL, J., concur.