In re INITIATIVE PETITION No. 191.
In re INITIATIVE PETITION No. 190.

Nos. 29813, 29814.   June 7, 1949.

*207 P. 2d 266.*

Chas. E. McPherren, of Oklahoma City, for protestant.

H. B.. King, of. Oklahoma. City,..for proponent.

O'NEAL. J. This is an appeal from the decision of the Secretary of State finding and holding initiative petitions 190 and 191 sufficient and approving same.

The two initiative petitions were filed with the Secretary of State in 1938. Petition 190 is a measure providing for the levy of a 2 per cent tax upon the gross dollar value of each transaction. had within the state involving real or tangible property located within the state; and levying a 2 per cent inheritance gift tax and a 2 per cent severance tax with some five exceptions. The exceptions from the taxes are (a) the proceeds from any transaction which the state is prohibited from taxing under the Constitution and laws of the United States or the Constitution of the State of Oklahoma; (b) the proceeds derived from interstate transportation or interstate commerce; (c) the proceeds received in any manner by the state or any of its political subdivisions; (d) transactions within any one month upon which the total tax would amount to $1 or less; (e) the proceeds received in any manner by the United States or any of its political subdivisions or agencies.

The Act also makes provisions for the apportionment of the taxes to be collected under the measure and for the repeal of the gasoline tax, gross production tax, income tax, cigarette, tax, beverage tax, motor vehicle tax, freight car tax and sales tax. Such repeal is to become effective as of the effective date of the measure as to article 10, chap. 66, S.L. 1937. The repeal of all other tax measures mentioned in the Act is not to become effective until there shall be filed in the Supreme Court an action to determine the validity of the transaction tax levied by the Act and the validity of the repeal of all tax measures mentioned in the repealing section.

Initiative petition 191 is a measure also providing for a transaction tax and

creating an Oklahoma Welfare Fund and making provisions for the apportionment of the tax to be collected under the Act. The petitions were signed and circulated at or about the same time. After the petitions were circulated, signed and presented to the Secretary of State, J. M. Ashton protested both petitions on the ground of insufficiency in form thereof and upon the further ground that said petitions did not contain a sufficient number of signatures of registered voters of the state to entitle said measure to be submitted to the voters of the state for approval or disapproval. The Secretary of State found and held both petitions sufficient, and protestant appealed to this court.

The petitions were circulated prior to October 7, 1938, and were filed with the Secretary of State on that date. Under the terms of the stipulation signed and filed by counsel for protestant and proponent the hearing was deferred indefinitely, or until called up by one party or another. This accounts for the long delay of the matter. It was not until the Chief Justice called upon the protestant to show cause why his appeal should not be dismissed for want of prosecution that the matter was set down for hearing. On March 7, 1947, the matter was referred to the Honorable A. L. Herr, one of the referees of this court, for the taking of evidence, finding of facts and making conclusions of law. The hearings on the two petitions were, by stipulation, consolidated. It was also stipulated that the evidence taken as to petition 190, cause No. 29813 in this court, should apply to petition 191, cause No. 29814. It was further stipulated that the circulators of the two petitions were the same, that the names appearing on each petition were the same, and that the objections to petition 190 are applicable to petition 191. After hearing the referee made and filed his findings of fact and conclusions of law to the effect that the petitions contained sufficient valid signatures and were sufficient in form, and that the protest should be denied. Pro-

testant filed exceptions thereto. The question is now before this court whether said findings and conclusions should be adopted and the decision of the Secretary of State be approved.

Protestant does not challenge the findings of the referee on the question of the required number of signatures. At the hearing it was stipulated that the petition was filed with the Secretary of State October 7, 1938; that the highest number of votes cast for Governor at the general election, November, 1936, was 794,740, and that the 8 per cent thereof required by law for such a petition was 59,979; that the pamphlets comprising petition 190 contain 102,020 purported signatures, and petition 191 contains 101,840.

It appears that there was a stipulation that the representative of protestant would check the pamphlets comprising petition 190 and prepare a digest showing in detail all the alleged defects on which objections were to be based and deliver same to the representative of proponent who would then indicate thereon opposite each of the listed defects such of the defects as he would challenge. It further appears that under said stipulation protestant challenged only 25,092 signatures. The referee finds that, assuming the challenges as to all the 25,092 signatures were good and that the signatures of 25,092 persons were stricken, still the petition would contain more than the required 59,979 signatures. Therefore, the finding of the referee as to the sufficiency of the number of signatures must be approved.

Protestant contends that petition 190 shows upon its face that it failed to comply with the constitutional and statutory provisions requiring the petition to contain the full text of the measure sought to be enacted into law. In this connection protestant asserts that the petition seeks to incorporate into the measure and make a part thereof other statutes relating to taxation by reference to the title only, and without set-

ting out and publishing the same at length, contrary to the provisions of section 57, art. 5, of the Constitution of the State. Said section 57, art. 5 of the Constitution, among other things, provides:

". . . no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length: . ."

Section 9 of the proposed measure provides:

" 'State Uniform Procedure Act'— Made Applicable. The Provisions of Article 3, Chapter 66, being House Bill No. 478, Oklahoma Session Laws 1937, being the "State Tax Uniform Procedure Act' shall be applicable to this Act, the procedure therein set forth shall be the procedure applicable to assessments, payments, and collection of the taxes levied herein and the enforcement thereof, and the penalties provided and the method of protest of taxes assessed, shall be in accordance with and governed by said 'State Tax Uniform Procedure Act'."

That would appear to extend the provisions of the Uniform Procedure Act, art. 3, chap. 66, House Bill 478, S. L. 1937, to and make the same a part of the proposed measure without setting forth and publishing the same at length. But, as pointed out by the referee, the State Uniform Procedure Act referred to affects remedies and procedure only. In Service Feed Co. v. City of Ardmore, 171 Okla. 155, 42 P. 2d 853, it is held that that part of section 57, art. 5 of the Constitution of Oklahoma, supra, applies to and limits legislation which grants, modifies or destroys rights, but it has no application to legislation which affects remedies and methods of procedure alone. See, also, 50 Am. Jur. pp. 195-6, §215. Under the rule there stated, section 9 of the proposed measure does not violate the provisions of section 57, art. 5 of the Constitution of Oklahoma.

Attention is called to the fact that after the petition was filed and while the proceedings were so long delayed by the unusual stipulation of the parties, the Legislature, by section 43, art 2, chap. 66, S. L. 1939, specifically repealed article 3, chap. 66, S. L. 1937. In this case many of the laws sought to be repealed or otherwise affected by the measure have since been repealed entirely or materially amended during the time the proceedings were delayed.

The contention seems to be that the adoption of the measure proposed by petition 190 would revive and extend the said repeal Act (art. 3, chap. 66 S. L. 1937) in violation of section 57, art. 5 of the Constitution. Conceding, without deciding, that to be true, it would not necessarily render petition 190 invalid. The measure contains a severability provision which provides:

" . . . if any section, paragraph, sentence or provision hereof be held to be void by any court of competent jurisdiction, the decision of the court shall not affect the validity of this Act as a whole, or any part thereof, other than the portion so held to be invalid. . ."

The rule appears to be that if the expression in a given Act of reference to antecedent laws may be stricken out or eliminated without altering or impairing the effect of the law in which they are found, such references are harmless and can possess no invalidating effect. State v. Larson, 10 N.J. Misc. 384, 160 Atl. 556.

In support of that rule the court there cites State v. Hancock, 54 N.J.L. 393, 24 Atl. 726, and Campbell v. Board of Pharmacy, 45 N.J.L. 241, affirmed in 47 N.J.L. 347.

In the act which contained the repeal of article 3, chap. 66, S.L. 1937, and re-enacted a complete "State Tax Uniform Procedure Act" by 68 O.S. 1941 §1449, it is provided:

"The purpose of this Act, which may be cited as 'State Tax Uniform Procedure Act', is to provide, so far as is

possible, uniform procedures and remedies with respect to all State taxes. Unless otherwise expressly provided in any State tax law, heretofore or hereafter enacted, the provisions of this Act shall control and shall be exclusive, and all acts or parts of acts in conflict herewith, are hereby repealed. . ."

It thus appears that if the measure proposed in petition 190 should be adopted, section 9 thereof could be entirely eliminated as void and the State Tax Uniform Procedure Act would by its own terms be applicable. The referee so finds and concludes, which finding and conclusion we approve.

Protestant also contends that subdivision "b" of section 10 of the Act also violates section 57, art. 5 of the State Constitution, in that it purports to incorporate in and make a material part of the measure, by reference only, article 12, chap. 34, O. S. 1931 (70 O.S. 1941, chap. 9) relating to school enumeration, and make said provision applicable to the proposed Act.

What we have said with reference to the provisions of section 9 of the measure is applicable to subdivision "b" of section 10 of the Act. It merely provides a method or procedure for enumeration for the purpose of distributing the tax.

A similar objection is made to subdivision "g" (section 10 of the proposed measure). Said subdivision provides:

"(g) None of the provisions of this Section shall prevent any school district from receiving State aid under the provisions of Chapter Thirty-four, Article 21, Oklahoma Statutes, 1931; provided such school district shall have levied an ad valorem tax which, when added to its Quota under this Section, shall equal a levy of fifteen mills; and such action by any school district shall be a full compliance with the requirements of said Act, and shall entitle any such school district to State aid out of the 'Special Common School Equalization Fund' provided by said Act, in all respects, as though this Act had never been passed."

The referee concludes that the same rule applied to section 9 and subdivision "b" of section 10 applies to said subdivision "g", section 10. This conclusion cannot be approved.

Subdivision "a" of section 7103, O.S. 1931, a part of article 21, chap. 34, relating to schools, provides:

"(a) Any district receiving aid hereunder shall have levied the maximum local school tax of fifteen (15) mills, for the current fiscal year, for the general fund."

Subdivision "b" of the same section contains a proviso:

" . . . that no school shall be eligible under the terms of this Act which does not provide for at least an eight (8) months term of school. . ."

The same subdivision contains a further provision that:

" . . . No school in a city of the first class employing more than two supervisors shall be entitled to aid under the provisions of this Act."

Said provisions were substantive and not procedural. Said subdivision "g" of section 10 of the proposed measure would not extend and make the provisions of sections 7103, O. S. 1931 applicable, but would materially amend said provision in at least three particulars. Under said subdivision "g", §10, of the proposed measure, a school district would not be required to levy a local school tax of fifteen mills in order to participate in or receive State Aid. All the district would be required to do thereunder would be to levy a local tax of such rate which, when added to the quota apportionable under the proposed measure, would equal a levy of fifteen mills. Also, no school district would be required to provide for at least an eight month term of school in order to receive State Aid. Furthermore, under said subdivision "g" a school district in a city of the first class employing more than two supervisors could participate in and receive State Aid if it levied a local tax at a

rate of which, when the proceeds thereof were added to the quota apportionable to such district out of the fund created by the Act, would equal a local levy of fifteen mills. The adoption of said subdivision "g" would therefore amend section 7103, O.S. 1931, supra, in three material provisions by reference only, and would be in clear violation of section 57, art. 5 of the State Constitution, prohibiting the amendment of a law by reference to its title only. However, article 21, chap. 34, O.S. 1931, relating to State Aid, has been amended and some of its provisions have been repealed since 1938. State Aid is now regulated by article 3, chap. 21, S. L. 1947, 70 Okla. St. Ann. 1948 Supp. §652.5. But said provision still requires a local tax of at least fifteen mills.

Proponent, in effect, contends that the inhibitions contained in section 57, art. 5, of the State Constitution, refer or apply only to the power bestowed upon the Legislature and do not apply to measures enacted or sought to be enacted under the initiative powers of the Constitution. Proponent asserts that the Constitution does not expressly prohibit the revival or amendment of a statute by reference to title only under the reserve powers of the initiative as it does to the Legislature. This contention is untenable, especially as to the revival, amendment or extension of statutes by reference to the title only. The first clause of section 57, article 5, of the Constitution, provides that every act of the Legislature, with exceptions stated, shall embrace but one subject, which shall be clearly expressed in its title. But the second clause is entirely separable from the first clause. It expressly states that no law shall be revived, amended, or the provisions thereof extended or conferred by reference to title only. That provision is all-embracive and applies to initiative as well as legislative measures. The evils sought to be prevented thereby may be contained in an initiative measure as well as in a legislative mea-

sure. That said section contains two separate provisions is clearly stated in State v. Horner, 48 Okla. Cr. 141, 290 P. 197.

There appear to be other defects in the proposed measure not mentioned by the parties in their briefs or by the referee, but which we think are of such importance that they should be pointed out. There is contradiction as to when, if ever, certain provisions of the measure would become effective if approved by the voters.

Section 13 of the proposed measure provides:

"This Act shall take effect upon the first day of the first month following the date of the enactment of this Act by the people."

Section 14 of the measure repeals article 7, chap. 66, S. L. 1937 (cigarette tax); chapter 97, S.L. 1933, as amended by article 8, chap. 66, S. L. 1937 (freight car tax); article 10, chap. 66, S.L. 1937 (sales tax); article 16, chap. 66, S. L. 1931; chapter 111, S. L. 1933, and article 16, chap. 66, S. L. 1937 (gasoline tax); section 5, chap. 153, S. L. 1933 (beverage tax); article 4, chap. 66, S. L. 1935 (gross production tax); article 12, chap. 66, S.L. 1931; chapter 103, S.L. 1933 (gross production tax); and article 6, chap. 66, S. L. 1935 (income tax). But section 11 of the proposed measure provides:

"The repeal of the taxes herein specified, except Article 10, Chapter 66 Oklahoma Session Laws 1937, shall not take effect until there shall have been filed in the Supreme Court of the State of Oklahoma, an action to determine the validity of the transaction tax herein levied and the validity of the repeal of all taxes herein repealed; . . ."

Thereunder the repeal of all of the tax measures mentioned, except article 10, chap. 66, S.L. 1937, would be postponed until there would have been filed in the Supreme Court an action to determine the validity of the transaction tax provided for in the measure, and the validity of the repeal of all of the

tax measures mentioned in section 14. If no such action should be filed, then the tax measures mentioned in section 14, except article 10, chap. 66, S.L. 1937, would remain unrepealed by the transaction tax which would go into effect the first day of the first month following the enactment of the measure by the people. Then the state would have in force all the tax measures mentioned except article 10, chap. 66, S.L. 1937, plus the transaction tax provided for in the measure.

Because of the conflict between the measure and section 57, art. 5 of the State Constitution, and other defects pointed out, the finding and the conclusion of the referee as to subdivision "g", section 10 of the measure, must be and is hereby rejected and disapproved.

Under the record the protestant should be and is sustained and the decisions of the Secretary of State sustaining the sufficiency of initiative petition No. 190 and initiative petition No. 191 are reversed and the protests thereto are sustained.

DAVISON, C.J., and WELCH, CORN, GIBSON, HALLEY, and JOHNSON, JJ., concur. ARNOLD, V.C.J., and LUTTRELL, J., concur in conclusion.