# STATE v. McCALLA.

No. A-11714. April 8, 1953.

(256 P. 2d 186.)

Tom J. Amis, County Atty., Chandler, and Mac Q Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for plaintiff in error.

Joe Young, Chandler, for defendant in error.

JONES, J. This is an appeal by the State of Oklahoma from the action of the county court of Lincoln county in sustaining a demurrer to an information allegedly charging the crime of reckless driving, contrary to the provisions of 47 O.S. 1951 § 121.3(a).

The information filed in the county court of Lincoln county, omitting the formal parts, alleged that the defendant, John C. McCalla, on July 15, 1951,

" * * * did then and there wilfully, unlawfully and wrongfully drive and operate a certain motor vehicle, to-wit: a 1949 Chevrolet Sedan, bearing 1951 Oklahoma License Number 12-9373, on U. S. Highway 66, from a point unknown to a point approximately 4 miles West of Chandler in Lincoln County, Oklahoma, in a reckless and careless manner, to-wit: at a speed that was not reasonable and proper under the conditions then and there existing."

On July 16, 1951, the defendant appeared with his attorney for arraignment, waived the reading of the information and entered a plea of not guilty. Thereafter, on October 19, 1951, the defendant filed a demurrer to the information in which he alleged that the crime of reckless driving was repealed by the Legislature in the session of 1951 and therefore the information failed to state facts sufficient to charge a crime under the laws of the State of Oklahoma. The record does not disclose that the court permitted the defendant to withdraw his plea of not guilty for the purpose of filing this demurrer, but the court evidently

treated the plea of not guilty as having been withdrawn because the record discloses that on October 23, 1951, the court sustained the demurrer to the information and the county attorney saved his exception and gave notice of his intention to appeal to the Criminal Court of Appeals; the county attorney contending that the court erred in holding that the State Legislature could not amend a subsection of a law without restating the entire section.

In 1949 the Oklahoma Legislature adopted a comprehensive traffic code. Section 3 of this act, 47 O.S. 1951 § 121.3, is subdivided into 10 subsections. Subdivision (a) of said section 3 provided:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than, nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead".

In 1951, the Legislature amended subdivision (a) of § 3 as follows:

"47 O.S. Supp. 1949, § 121.3(a) is hereby amended to read as follows:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than, nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead; and where any State or Federal Highway shall be under construction or repair, or a detour shall have been designated by reason of construction or repairs in progress, and the State Highway Department shall have determined a maxmium safe, careful and prudent speed on such highway or detour, during the period of such construction or repairs, and shall have plainly posted at each terminus thereof and at not less than each one-half (½) mile along the route thereof, such determined maximum speed, no person shall drive any vehicle upon such portion of such highway, or upon such detour, at a speed in excess of the speed so determined and posted."

Subsections (b) to (j) of the 1949 act were not disturbed by the amendment in 1951 and appear in the 1951 statutes as originally passed. Subsection (j) provides:

"It shall be deemed reckless driving for any person to drive a motor vehicle in a careless or wanton manner without regard for the safety of persons or property or in violation of the conditions outlined in paragraph (a)."

The trial court in sustaining the demurrer relied upon that part of art. 5, § 57 of the Oklahoma Constitution, which provides:

" * * * no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length * * *."

This court has had occasion to discuss the question involved and has held that the Legislature has power to amend a particular section of the statute without in any way affecting other sections of the same statute. State v. Horner, 48 Okla. Cr. 141, 290 P. 197; Quinn v. State, 43 Okla. Cr. 349, 278 P. 409; Ex parte Cooper, 51 Okla. Cr. 131, 300 P. 322.

In Ex parte Cooper, supra, it was held:

"An act to amend a particular section of a prior act is limited in its scope to the subject-matter of the section purported to be amended. Such amendment ex vi termini implies merely a change of its provision upon the same subject to which the original section relates."

Under the authority of State v. Horner, supra, and in accordance with the constitutional provision here involved, it was mandatory on the Legislature to include in the amending statute all that portion of subsection (a) which the Legislature wished to re-enact and it was held in that case that any part of a section which is amended and which is not restated in the amended act, would be considered as repealed by the amending statute. However, we find that in the instant case, by the provisions of the 1951 amendatory enactment, subsection (a) was republished at length and the amendment in said act was the addition of a provision making it mandatory upon the driver of a motor vehicle in passing along a state or federal highway which shall be under construction or repair, or on a detour, and the State Highway Department shall have fixed a maximum speed on such highway or detour "* * * no person shall drive any vehicle upon such portion of such highway, or upon such detour, at a speed in excess of the speed so determined and posted" by the State Highway Department.

It appears that the information was probably not based upon a violation of the statute as amended by the 1951 law, 47 O.S. 1951 § 121.3(a), but the charge could be construed as laid under the provisions of one of the subsections which remained in effect from the 1949 law, 47 O.S. 1951 § 121.3(j). We know of no theory under which the passage of the 1951 law would have constituted a repeal of the other subsections of the law not mentioned in the 1951 amendment, nor expressly thereby repealed.

The judgment of the county court of Lincoln county is accordingly reversed; the county court is directed to overrule the demurrer to the information and proceed to try the defendant.

POWELL, P. J., and BRETT, J., concur.