**CHRISTOCENTRIC FOUNDATION, a corporation, Plaintiff in Error,**

v.

**Larry PENDLETON, Defendant in Error.**

No. 36424.

Supreme Court of Oklahoma.

June 29, 1954.

As Corrected Nov. 22, 1954.

Rehearing Denied Nov. 23, 1954.

———♦———

A. L. Commons, Miami, for plaintiff in error.

W. E. Crowe, Enid, for defendant in error.

## PER CURIAM.

On December 29, 1953, the order overruling the motion for new trial was entered. Time in which to appeal expired thereafter on March 29, 1954. No order was entered by the trial court extending the time. The case-made was filed April 2, 1954.

A motion to dismiss has been filed for the reason the appeal was not lodged in this court within the three months provided by 12 O.S.1951 § 972. The motion must be sustained. In Roof v. Fechtel, Okl., 258 P.2d 890 it is stated:

"Where the petition in error with record or casemade is not filed within three months after the judgment or final order made in the case and there has been no order of the trial court extending the time for appeal as provided by 12 O.S.1951 § 972, the appeal will be dismissed for lack of jurisdiction."

For the first time there is raised the question of the constitutionality of the Laws of 1949, page 97, chap. 15, amending 12 O.S. 1941 § 972, insofar as it provides for appeals within six months on the ground that it conflicts with Article 5, § 57, of the State Constitution. The single provision of 12 O.S. 1941 § 972 allowed appeals within six months with an exception identical with the exception in the Laws of 1949, page 97, chap. 15. The only change made in the latter was the provision that the appeal must be filed within three months after the final order unless the trial court extends the time for not to exceed three additional months. Plaintiff in error argues that the title of the act in question does not comply with portion of the constitution to which reference was had. Such title is as follows: "An Act relating to proceedings for reversing, vacating or modifying judgments or final orders; amending 12 O.S.1941 § 972; and repealing all laws and parts of laws in conflict herewith."

Section 57 of Article V of the Constitution is as follows:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length: Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

Plaintiff in error cites State v. Horner, 48 Okl.Cr. 141, 290 P. 197, first paragraph of court's syllabus being as follow: "The provision of article 5, § 57, that no law shall be amended by reference to its title only, but so much thereof as is amended shall be re-enacted and published at length, is mandatory."

We believe the title of the act in question to be so worded as to amply refer to the material matters contained in such act. The act itself does re-enact and publish the thought of the legislature on the subject involved. Plaintiff in error argues that there is more than one subject

in the act, as shown by the title. Cited are the cases of State ex rel. Short v. Johnson, 90 Okl. 21, 215 P. 945 and Riverland Oil Company v. Williams, 176 Okl. 448, 56 P.2d 1167. We do not agree.

█ The amendment does not conflict with art. 5, § 57 of the Constitution. See, in this connection, Pure Oil Company v. Oklahoma Tax Commission, 179 Okl. 479, 66 P.2d 1097; Musick v. State ex rel. Miles, 185 Okl. 140, 90 P.2d 631.

Appeal dismissed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.