In re Complaint of BESTWAY FREIGHT LINES, Inc.,

v.

SOONER FREIGHT LINES, alleging unauthorized Class "A" Common, Intrastate Motor Freight Services Between Oklahoma City, Oklahoma, on the one hand, and, on the other hand, Chickasha, Anadarko, Cement, Cyril, Fletcher, Elgin, and Lawton, Oklahoma.

No. 37379.

Supreme Court of Oklahoma.

March 19, 1957.

W. T. Brunson, Charles D. Dudley, Oklahoma City, for complainant, Bestway Freight Lines, Inc.

Sidney P. Upsher, Oklahoma City, for respondent, Sooner Freight Lines, Inc.

HALLEY, Justice.

This is an appeal by Bestway Freight Lines, Inc., from an order of the Corporation Commisson entered January 27, 1956, denying the complaint of Bestway Freight Lines, Inc., against Sooner Freight Lines, Inc. Petition in error was filed in this Court by Bestway Freight Lines, Inc., May 21, 1956, or three months and twenty-four days after the order appealed from was entered. The party appealing gave notice of its intention to appeal and attached to its petition in error the case-made, as required by Sections 954 and 956, 12 O.S.1951, but failed to comply with Section 972, 12 O.S.1951, which provides that proceedings to reverse, vacate or modify judgments or final orders " * * * shall be commenced within three (3) months from the rendition of the judgment or final order complained of, * * *" and further that the trial court may extend the period of time for filing, not to exceed six months from the date of the judgment.

The respondent, Sooner Freight Lines, Inc., as its first proposition insists that the attempted appeal is a nullity and should be dismissed because filed after the expiration of the time provided by our statutes and Constitution.

Section 20, Art. 9, of our State Constitution provides that an appeal may be taken from orders of the Corporation Commission directly to the Supreme Court, " * * * in the manner and in the same time in which appeals may be taken to the Supreme Court from the District Courts * * *".

Prior to 1941, the above words "in the same time" did not appear but only the words that appeals from such orders shall be taken in "the same manner" but this Court held that the meaning was the same in Atchison, T. & S. F. Ry. Co. v. Love, 23 Okl. 192, 99 P. 1081, 1085, and said in part:

"Examining our own statutes and the different provisions of the Constitution of this state, it is evident that in all such provisions wherever the word 'manner' is used it is meant either 'time' or would include 'time.' * * *"

Section 972, 12 O.S.1951, originally provided that appeals from the district court should be filed in the Supreme Court within six months from the date of the order or judgment appealed from, but in 1949, this Section was amended to provide that appeals must be commenced within three months, which might be extended to six months by order of the trial court.

▪ Prior to the 1949 amendment making the time three months this Court decided the case of State ex rel. State Highway Commission v. Asendorf, 203 Okl. 263, 220 P.2d 272, 273, and announced in the first and second paragraphs of the syllabus:

" 'The question of jurisdiction is primary and fundamental in every case, and cannot be waived by the parties or overlooked by the court. It is the bounden duty of the court to examine into its jurisdiction, whether raised by any party or not, and sua sponte to determine its own jurisdiction.

" 'Where the petition in error is not filed in the Supreme Court within six

months from the rendition of the judgment or final order complained of, this court is without jurisdiction to review such judgment or final order, and the same will be dismissed."

■ In 1951, the case of Dahlenburg **v.** Young, 206 Okl. 422, 243 P.2d 983, was decided and the rule was announced in the syllabus as follows:

"Where the petition in error is not filed in this court until after the expiration of three months from the date of the final judgment complained of and no order is made by the court extending the time, this court has no jurisdiction over the subject matter, and the appeal will be dismissed."

In 1954, in the case of Christocentric Foundation v. Pendleton, Okl., 276 P.2d 779, this Court held that the 1949 amendment, Laws of 1949, Chapter 15, page 97, did not violate Art. 5, Section 57, of our State Constitution and that where an appeal is not filed within three months, when no order extending time is made, the appeal will be dismissed for lack of jurisdiction.

■ The same rule was announced in State ex rel. Henderson v. Merchants National Bank of Fort Smith, Ark., Okl., 276 P.2d 772, citing Roof v. Fechtel, Okl., 258 P.2d 890.

Since the same rule is applicable to appeals from the orders of the Corporation Commission as from orders and judgments of the district courts, it is immaterial whether the appeal is from a judgment of the district court or an order of the Corporation Commission.

Under the authorities above cited, the appeal is dismissed.

WELCH, C. J., CORN, V. C. J., and JOHNSON, WILLIAMS, BLACKBIRD, JACKSON, and CARLILE, JJ., concur.