STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. ALLEN
MARTIN, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 2, 1987—Decided December 24, 1987.

Before Judges FURMAN, BRODY and SCALERA.

*John R. Grele,* Assistant Deputy Public Defender, argued the cause for defendant-appellant (*Alfred A. Slocum,* Public Defender, attorney).

*Patricia Quelch,* Assistant Prosecutor, argued the cause for plaintiff-respondent (*John A. Kaye,* Monmouth County Prosecutor, attorney).

The opinion of the court was delivered by

FURMAN, P.J.A.D.

Defendant was convicted of distribution of a controlled dangerous substance in violation of *N.J.S.A.* 24:21–19a(1), following a *retraxit* plea of guilty, and was sentenced to an eight-year term of imprisonment subject to a four-year term of parole ineligibility.

On appeal from the denial of his petition for post-conviction relief, *R.* 3:22, defendant raises two issues, the first statutory and the second constitutional:

Point I: Defendant-appellant's period of parole ineligibility is illegal because such terms are not statutorily authorized on sentences pursuant to New Jersey's Controlled Dangerous Substances Act.

Point II: The Code provisions allowing the imposition of parole ineligibility terms on Title 24 offenses violate Article IV, Section VII, Paragraph 5 of the New Jersey Constitution. (Not raised below)

The issues raised by defendant will be nonrecurring. The Legislature has amended the Code of Criminal Justice (Code), *N.J.S.A.* 2C:1–1 *et seq.,* by repealing and incorporating into the Code what had been the Controlled Dangerous Substances Act

(CDS), *N.J.S.A.* 24:21–1 *et seq.* Comprehensive Drug Reform Act of 1986, *L.*1987, *c.* 106.

■ Both issues are rejected. *N.J.S.A.* 2C:43–1b expressly provides that a sentence, such as defendant's, imposed for a violation of CDS "shall be governed" by Subtitle 3, Sentencing, of the Code, except as to degrees of crimes and "subject to the maximum sentence authorized for the ... offense" under CDS. Defendant's custodial sentence of eight years did not exceed the twelve-year maximum term provided in CDS upon conviction for a violation of *N.J.S.A.* 24:21–19a(1). In imposing the parole disqualifier of one-half of that eight-year sentence pursuant to *N.J.S.A.* 2C:43–6b, the trial judge did not increase defendant's maximum sentence contrary to *N.J.S.A.* 2C:43–1b; he applied another sentencing option authorized by the Code upon sentencing "for any crime," including CDS offenses.

As the Supreme Court held in *State v. Sainz*, 107 *N.J.* 283, 286–287 (1987) in applying the sentencing guidelines of *N.J.S.A.* 2C:44–1 to CDS offenders:

> The sentencing provisions of the Code of Criminal Justice (Code), *N.J.S.A.* 2C:1–1 to 98–4, are generally applicable to Controlled Dangerous Substances Act (CDS) violations, *N.J.S.A.* 24:21–1 to –53.

*See also State v. Sobel*, 183 *N.J.Super.* 473 (App.Div.1982).

Defendant urges nevertheless that the consequence of applying the Code option of a parole ineligibility term to his sentence is to increase the maximum time of his incarceration, beyond what he might have served if his parole eligibility had been governed by the Parole Act, *N.J.S.A.* 30:4–123.45 *et seq.*, specifically one-third of his sentence less credits. That consequence is immaterial. The only statutory inhibition in the Code, as we have said, is against a maximum sentence exceeding that provided in CDS. The Legislature has provided generally for all offenders, including CDS offenders, the alternatives of parole ineligibility as part of their Code sentence or pursuant to *N.J.S.A.* 30:4–123.45 *et seq.*

■ Defendant's constitutional challenge under *N.J. Const.*, Art. IV, § VII, par. 5 is novel. We consider it even though not raised below, *see Nieder v. Royal Indemnity Ins. Co.*, 62 *N.J.* 229, 234 (1973). That constitutional provision sets forth:

> No law shall be revived or amended by reference to its title only, but the act revived, or the section or sections amended, shall be inserted at length. No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of the act or which shall enact that any existing law, or any part thereof, shall be applicable, except by inserting it in such act.

According to defendant's argument, the enactment of the Code was constitutionally deficient because, without inserting CDS verbatim, the Code amended the sentencing provisions of CDS, incorporated CDS by reference and made it applicable to the Code. Defendant is only seeking our invalidation of the parole ineligibility provisions of *N.J.S.A.* 2C:43–6b as applied to a CDS offender such as himself.

*N.J.S.A.* 2C:43–1b and 2C:43–6b do not amend CDS. Rather, they extend general sentencing provisions of the Code to offenders under other statutes, including CDS, with specific exceptions. Their enactment in no way altered CDS.

With reference to the parallel predecessor constitutional provision, the Court of Errors and Appeals said in *Jersey City v. Martin*, 127 *N.J.L.* 18, 23 (1940):

> The design of the limitation was "the suppression of deceptive and fraudulent legislation, the purpose and meaning of which could not be discovered either by the legislature or the public without an examination of and a comparison with other statutes." The intention was not "to obstruct or embarrass legislation," but "to secure a fair and intelligent exercise of the lawmaking power." *Campbell v. Board of Pharmacy of New Jersey*, 45 *N.J.L.* 241; *affirmed*, 47 *Id.* 347; *Evernham v. Hulit*, 45 *Id.* 53; *Christie v. Bayonne*, 48 *Id.* 407. If the statute embody "a complete and perfect act of legislation in itself," it may provide for "ancillary proceedings to accomplish the purposes expressed in the act, by a reference to general laws on the subject, without violating this constitutional provision."

An analogous case under the 1947 Constitution is *Township of Princeton v. Bardin*, 147 *N.J.Super.* 557 (App.Div.1977), which, against a challenge under Art. IV, § VII, par. 5, upheld

legislation defining property tax exemption eligibility in accordance with the landowner's eligibility for exemption from federal income taxation under Section 501(c)(3) of the Federal Internal Revenue Code. We commented there at 569:

> Far from constituting deceptive or fraudulent legislative action, the reference to § 501 bespeaks an efficient and practical method of defining the kinds of nonprofit organizations contemplated by the Legislature for eligibility under the act.

In recognition that other unrepealed statutes established criminal offenses, the Code defines "crime" in *N.J.S.A.* 2C:1–4 to include "an offense defined ... by any other statute of this State." The logical extension of defendant's argument would be that the definition of "crime" infringes Art. IV, § VII, par. 5 because it does not incorporate the other statutes at length.

We cannot so conclude. The convenient definition of "crime" as an offense under any New Jersey statute does not include as part of the Code or make applicable to the Code any substantive provision of such other statute, including CDS. The Code is complete legislation in itself. Similarly, the challenged reference to CDS in *N.J.S.A.* 2C:43–1b does not include as part of the Code or make applicable to the Code any substantive provision of CDS. Rather, it effectuates a legislative purpose to exempt CDS offenders, thus readily identified, from the degree of crime scheme of the Code, while otherwise subjecting them to its general sentencing provisions as criminal offenders according to the definition in *N.J.S.A.* 2C:1–4. One need not consult CDS to understand and apply the Code or consult the Code to understand and apply CDS.

Under *Jersey City v. Martin* and in accordance with the reasonable and practical reading of Art. IV, § VII, par. 5, we hold that there was no constitutional infringement in the application of the parole ineligibility provisions of the Code to CDS offenders, without reenactment of CDS as part of the Code.

We affirm.